## JUDGE OF PROBATE *v.* PAGE & a.

A sum of money bequeathed to a daughter, subject to her mother's use of it so long as the mother suitably supports the daughter, or until the daughter is eighteen years of age, or until she is of competent age to choose a guardian, or until she marries, is payable, on demand, to her guardian chosen by her after becoming fourteen years of age.

DEBT, on the bond of the defendant Page, as executor of the last will of Dan Y. Boynton, prosecuted for the benefit of Sarah

W. Boynton, guardian of Ellen D. Boynton. Facts agreed. The testator died in 1867, leaving a widow and two daughters. He made the following bequests:

"*Second.* I give and bequeath to my beloved wife, Sarah W. Boynton, all my household furniture, all the provisions I may have on hand at the time of my decease, and also one third of the avails of all my personal property not above included; also the use of the remaining two thirds of the avails of all my personal property not above included, so long as my said wife shall suitably provide for and support my two daughters, Mary A. Boynton and Ellen D. Boynton, or until they are of eighteen years of age, or until they are of competent age to choose a guardian, or until they may marry  .   .   ."

"*Third.* I give and bequeath unto my two daughters, Mary A. Boynton and Ellen D. Boynton, each, one third of the avails of my personal property not above specifically bequeathed to my beloved wife, Sarah W. Boynton, subject to the restrictions and provisions hereinbefore provided and stated."

"*Fifth.* I hereby direct and order my executor to dispose of all my personal property and real estate, not herein specifically devised and bequeathed, to the best possible advantage as soon as may be after my decease, and (after the payment of my just debts and funeral charges) pay over to the legatees herein named, or their legal representatives, the avails thereof as herein directed."

The executor filed and settled his account in the probate court March 25, 1879, showing a balance in his hands to be accounted for, which account was duly approved and allowed. April 20, 1880, Sarah W. Boynton was duly appointed guardian of Ellen D. Boynton, who was then over fourteen years of age, and had made choice of her mother as guardian. The guardian made a demand upon the executor, prior to the commencement of this suit, for the balance of the funds due her ward, which he refused to pay over, on the ground that under the foregoing provisions of the will he could not safely do so. Mary A. Boynton is married, and has received her share of the estate.

*Barnard & Barnard*, for the plaintiff.

*S. B. Page* and *Bingham, Mitchells & Batchellor*, for the defendants. The intention becomes much more certain, and nearly all the words used become consistent and effective to a reasonable purpose, by construction of the disjunctive "or" as a conjunctive "and." Such a construction would give to Ellen the right to suitable support at the hands of the mother, in consideration of the use, even though the former should fail to elect a guardian on arriving at the age of election, or should not choose to consider herself competent for self-support at eighteen, which the testator may have regarded as the age of maturity, or at the date of mar-

riage. Thus the daughter would be protected in case of physical or mental incapacity, misfortune in marriage, or any other untoward event, being all the time entitled to proper support from her natural guardian, who is aided in her duty by the use of the third, until all the contingencies mentioned may have occurred. Moreover, until this consummation there would be no act of the daughter which would relieve the mother from the responsibility imposed upon her by the will, except possibly such as would remove the necessity of maternal assistance based on the allowance held for that purpose. On the other hand, the right of the mother to hold the use by proper support of the daughter, and the liability to forfeiture by abandonment of the duty, remain unimpaired.

Though a demand was made by the guardian, there is nothing to indicate a release of the executor as to the use of the fund by the mother, who may yet be entitled to it apart from her fiduciary relations as guardian.

STANLEY, J. When Ellen was fourteen years old, she was "of competent age to choose a guardian" (G. L., *c.* 185, *s.* 2), and she exercised her right by choosing her mother, who was appointed. There was an option as to the time when Ellen should be entitled to her legacy. Until it became due to her, her mother was to have the use of it; and a testamentary intention to give the mother the power of determining at which of the times mentioned it should be due would naturally have been expressed in plain terms. If the testator had meant Ellen should not have her legacy until she was eighteen, or until her marriage, he would not have provided that she might have it when she was fourteen. It was payable, if her guardian demanded it, when she was fourteen. If its payment was not then required, the mother would continue to be entitled to the income until the principal was demanded. Payment of the principal, without interest, could be postponed by the payee. If some other person than the mother were guardian, the plaintiff would be entitled to judgment. The mother, by supporting her daughter, would not acquire a right to the income after Ellen was fourteen. The mother, being guardian, and having the legal control of her own and her daughter's interest in the fund, settled the question of time by demanding the legacy as guardian. The refusal of the executor to comply with the demand was a breach of the condition of the bond. *Gookin* v. *Hoit*, 3 N. H. 392, 393; *Judge of Probate* v. *Kimball*, 12 N. H. 165; *Judge of Probate* v. *Couch*, 59 N. H. 506.

*Case discharged.*

BLODGETT J., did not sit: the others concurred.